# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WILLIAM TUCKER,

              Petitioner,       :      Case No. 1:20-cv-628

  - vs -                           District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

WARDEN, Belmont
  Correctional Institution,

                              :
             Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Leave to File Late Objections (ECF No. 22). The Court has agreed to treat the Motion as a motion to amend the judgment under Fed.R.Civ.P. 59(e)(ECF No. 23).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d

1

at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Petitioner's first objection to the Magistrate Judge's Report and Recommendations ("Report"), which Judge Barrett adopted, is to denial of a certificate of appealability (ECF No. 22-1, PageID 2481). The statement in the Report on this point is limited to a single sentence "Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability. . ." (ECF No. 19, PageID 2471).

In objection Petitioner asserts he "believes in his opinion that after hearing his case, no reasonable jurists would agree to this conclusion and would find him **"NOT GUILTY"** on any and all charges against him." However, Petitioner cites no actual opinion of any judge who in fact disagrees with any of the conclusions in the Report.

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see

also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.

*Moody v. United States*, 958 F.3d 485 (6th Cir. 2020).

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Id.*

In objecting to denial of a certificate of appealability, Petitioner has not shown the opinion of any other judge on any of the issues in the Petition. A petitioner's belief in his own case cannot substitute for that showing.

Petitioner also objects: "Only a jury can decide whether they would agree or disagree." (ECF No. 22-1, PageID 2481). But whether to issue a certificate of appealability is not an issue triable to a jury. And in this case a jury did find Petitioner guilty (Judgment, State Court Record, ECF No. 6, Ex. 5).

Petitioner's next objection is that the Report was issued too quickly after the Magistrate Judge reference was transferred to the undersigned. Part of the answer is that the undersigned has, since his retirement as an active Magistrate Judge, specialized in habeas corpus cases and is often

available to consider them as soon as they reach his docket. But as a matter of substance it is not a valid objection to a judicial decision that it was issued too quickly unless a litigant can point to some issue that was incorrectly decided. In the midst of a trial, a judge will often have to make spur-of-the-moment decisions on the admissibility of evidence. On appeal the question will be whether the decision was correct, not how fast it was issued.

Petitioner objects to the Report's discounting the fact that Respondent did not file a response to his Reply, stating "Petitioner believes this shows the issues he raised in his Reply were to [*sic*] strong and credible for the Respondent to argue." (ECF No. 22-1, PageID 2482). On the contrary, the Rules Governing § 2254 Cases do not provide for a response to a reply, so the State's failure to file one has no significance.

Accordingly, it is respectfully recommended that Petitioner's motion to amend the judgment be denied.

June 2, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.