# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WILLIAM TUCKER,

        Petitioner,        :        Case No. 1:20-cv-628

  - vs -                           District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

WARDEN, Belmont
  Correctional Institution,

                             :
        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's motion to amend the judgment under Fed.R.Civ.P. 59(e)(ECF No. 23). The Magistrate Judge recommended denying the motion (Report and Recommendations, ECF No. 24), Petitioner has filed Objections (ECF No. 27), and Judge Barrett has recommitted the motion for reconsideration (ECF No. 29).

The Report set forth the standard for deciding a motion to amend the judgment:

> For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

Petitioner does not object to that standard. Instead, he presents a number of claims of prosecutorial misconduct for violating the rule in *Brady v. Maryland*, 373 U.S. 83 (1963), where the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused . . . violates

due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87). Tucker attaches to his objections six exhibits which he claims are *Brady* material and therefore should have been disclosed.

The first of these is the report of the National Institute for Occupational Safety and Health ("NIOSH Report") of its investigation of the fatal fire at issue in this case (Exhibit 1, ECF No. 27-1, PageID 2501-70). The remaining exhibits are witness statements made to the City of Hamilton Police Department (Exhibits 2-6, ECF No. 27-1, PageID 2571-76).

The withholding of the NIOSH Report was considered in the Report and Recommendations on the merits (ECF No. 19). The Report noted that this claim was first introduced into these proceedings in Petitioner's Reply. *Id.* at PageID 2468, citing Reply, ECF No. 15 at PageID 2438-39. The Report declined to consider this particular *Brady* claim on the merits because new habeas claims cannot be introduced in the reply. *Id.*, at PageID 2470, citing *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011). More importantly, the Report found the claim procedurally defaulted because never presented to the state courts. *Id.* In his pleadings filed since then, Tucker, has offered no excusing cause and prejudice (See ECF Nos. 22 and 27).

Whether the NIOSH Report actually constitutes *Brady* material is a separate question. However, even if it had been fully considered by the jury, it would not exonerate Tucker. There is no doubt this fire was intentionally set. A jury reasonably found that Tucker set it at the instance of his co-defendant and uncle who needed the insurance proceeds. The NIOSH Report confirms that this was an arson fire and Firefighter Wolterman died in the fire. The NIOSH Report details additional steps the fire department could have taken to make Wolterman's job safer, but the absence of those steps does not render Tucker innocent. Wolterman would not have been there at

2

all if Tucker had not set the fire. Wolterman's death was, as the jury found, a direct and proximate result of Tucker's felony.

In any event, Tucker has not shown that it was a manifest error of law for this Court not to reach the NIOSH Report *Brady* issue when Tucker failed to present that issue to the state courts.

Exhibits 2 through 6 suffer from even more procedural defaults than the NIOSH Report: they were never brought to this Court's attention prior to judgment and also not presented to the state courts.

Tucker does not tell this Court how and when he discovered Exhibits 1 through 6. If he was unavoidably prevented from discovering them until more than 120 days after the verdict, he may be able to persuade the Common Pleas Court to allow him to file a motion for new trial. But a federal habeas corpus court cannot consider them substantively until the state courts have been given an opportunity. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

**Conclusion**

Tucker has not shown the Court committed any manifest error of law in denying his habeas corpus petition. Therefore his motion to amend the judgment under Fed.R.Civ.P. 59(e)_ should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to

proceed *in forma pauperis*.

June 24, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #