**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

William Tucker,

   Petitioner,

v.

Warden, Belmont
Correctional Institution,

   Respondent.

Case No. 1:20-cv-628

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Report and Recommendations issued by the Magistrate Judge on June 2, 2021 (Doc. 24) and June 24, 2021 (Doc. 30), as well as his Decision and Order entered on July 9, 2021 (Doc. 33).[1]

## I. GENERAL STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see* 28 U.S.C. § 636(b)(1). As for nondispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

---

[1] The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendations in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As will be discussed, Petitioner filed timely objections as to both. He also filed timely objections to the Magistrate Judge's July 9, 2021 Decision and Order as prescribed in Fed. R. Civ. P. 72(a).

1

## II. PROCEDURAL BACKGROUND

William Tucker was indicted along with his uncle, Lester Parker. The State's theory was that Parker hired Tucker to set fire to his home so Parker could collect insurance proceeds to pay past due bills. Tragically, City of Hamilton Firefighter Patrick Wolterman died in the course of responding to the blaze. Tucker was convicted of two counts of aggravated arson (in violation of Ohio Rev. Code § 2909.02(A)(1), (A)(2)) and one count of murder (in violation of Ohio Rev. Code § 2903.02(B)). (Doc. 6 PAGEID 92–93). After merging counts under Ohio Revised Code § 2941.25(A), he was sentenced on the felony murder count (only) to a mandatory term of life in prison with parole eligibility after serving 15 years. (*See id.*).

Tucker filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on August 14, 2020. (Doc. 1). It was originally referred to Magistrate Judge Karen L. Litkovitz, but, on April 27, 2021, Tucker's petition was transferred to the docket of Magistrate Judge Michael R. Merz to help balance the Magistrate Judge workload in the Southern District. (Doc. 16 & Doc. 19 PAGEID 2454). Magistrate Judge Merz promptly issued a Report and Recommendations on the merits of Tucker's petition on April 30, 2021, recommending that it be dismissed with prejudice. (Doc. 19). He also recommended that Tucker be denied a certificate of appealability. (*Id.*). Tucker was given express written notice under Fed. R. Civ. P. 72(b) that he could file "specific written objections to the proposed findings and recommendations" within 14 days after being served. (*Id.* PAGEID 2472).

The undersigned subsequently adopted the April 21, 2021 Report and Recommendations—noting that no objections had been filed—and dismissed Tucker's

2

petition with prejudice and denied him a certificate of appealability. (Doc. 20). The Clerk entered judgment the same day, May 17, 2021. (Doc. 21).

On May 27, 2021, Tucker filed a "Motion to File Delayed Objection" to the April 21, 2021 Report and Recommendations, which the Clerk docketed upon receipt on June 1, 2021. (Doc. 22).[2] His memorandum in support stated that, while he received notice from the Clerk that judgment had been entered against him, he did not receive a copy of the Report and Recommendations itself and thus did not receive notice of the deadline to object. (*Id.* PAGEID 2477–78).[3] Based on the Clerk's docket entry that a copy of the Report and Recommendations was sent to Tucker (and not returned as undeliverable by the USPS), Magistrate Judge Merz denied Tucker's motion *per se* on June 2, 2021. (Doc. 23). However, because his motion for leave was filed within 28 days of the entry of judgment, Magistrate Judge Merz indicated that the Court would treat the motion as one to amend a judgment under Fed. R. Civ. P. 59(e)[4]. (*Id.* PAGEID 2486). Then, on June 2, 2021, Magistrate Judge Merz issued a Report in which he recommended that Tucker's Rule 59(e) motion to amend be denied. (Doc. 24). Tucker filed timely objections[5] and the undersigned recommitted the matter to the Magistrate Judge for further analysis.

---

[2] The filing date for documents from incarcerated persons is the date of deposit in the prison mail system. *See Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

[3] Tucker also complained that Magistrate Judge Merz issued his Report and Recommendations too quickly after the matter was transferred to his docket. (Doc. 22 PAGEID 2477 ("Given the size of this case and the huge amount of paper documents, (evidence or the lack of, exhibits, statements etc.) that support the Petitioner's case and innocence, the Petitioner does not believe the Magistrate Judge had enough time to look into the case to make a fair and reasonable Report and Recommendation.")).

[4] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[5] (*See* Doc. 25, 06/16/2021 Notation Order (Doc. 26), **Doc. 27**, 06/22/2021 Notation Order (Doc. 28)).

3

(Doc. 29).

On June 24, 2021, Magistrate Judge Merz issued a Supplemental Report and Recommendations. (Doc. 30). He again recommended that Tucker's Rule 59(e) motion be denied and added that Tucker should be denied a certificate of appealability. (*Id*. PAGEID 2580–81). Tucker timely filed objections. (Doc. 32). He also filed a motion to amend his petition to add a new claim for relief under *Brady v. Maryland*, 373 U.S. 83 (1963) and to obtain an evidentiary hearing (Doc. 31), which Magistrate Judge Merz denied on July 9, 2021 (Doc. 33). Tucker filed an objection to the Magistrate Judge's July 9, 2021 Decision and Order on July 15, 2021. (Doc. 34 (docketed 07/26/2021)).

### III. DISCUSSION

**April 30, 2021 Report and Recommendations (Doc. 19).** As noted, the Court adopted Magistrate Judge Merz's initial recommendations that all three grounds for relief pled in Tucker's petition be dismissed with prejudice and that Tucker be denied a certificate of appealability. Below is a summary of the Magistrate Judge's analysis.[6]

**Ground One.** Tucker asserts in Ground One that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, two claims that are often pleaded together. An allegation that a verdict was entered upon insufficient evidence states a federal constitutional (due process clause) claim; a weight of the evidence claim, on the other hand, does not. But if a verdict is not against the manifest weight of the evidence, as the Ohio Twelfth District Court of Appeals found, it follows that

---

[6] (*See* Doc. 19 PAGEID 2455–64).

there must be sufficient evidence to support it. (Doc. 19 PAGEID 2460 (quoting *State v. Tucker*, No. CA2017-12-172, 2019 WL 1254160, at *3, 2019-Ohio-911, at ¶ 27 (Ohio App. 12th Dist. Mar. 18, 2019) ("This is not a case where the evidence weighs heavily against the conviction. This court's determination that the greater weight of the evidence supports Tucker's conviction is dispositive of the issues of the sufficiency of the evidence.") (citation omitted), *appellate review declined*, 157 Ohio St. 3d 1484 (2019))). Thus, the state court ruled on the merits of Tucker's federal constitutional claim, requiring two levels of deference by a federal habeas court.[7] In a sufficiency-of-the-evidence case, deference must be given (first) to the jury's verdict under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) and (then) to the appellate court's consideration of that verdict as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Pub. L. No. 104–132, 110 Stat. 1214) (codified at 28 U.S.C. § 2254(d)[8]).

Tucker complains that one of the State's witnesses (Courtney Basinger) should not have been believed because her recollection of the events in suit was inconsistent and she was a drug addict with a motive to lie. However, Tucker's attorney confronted Basinger with this impeaching evidence and the jury nonetheless voted to convict. And a federal habeas court cannot reweigh or reconsider the credibility of a witness's

---

[7] *Parker v. Matthews*, 567 U.S. 37, 43 (2012).

[8] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

testimony.[9] Tucker also complains that the evidence against him was circumstantial and, therefore, insufficient. But circumstantial and direct evidence are "intrinsically" the same[10] and circumstantial evidence by itself is sufficient to support a conviction[11].

Based on this analysis, the Magistrate Judge concluded that Tucker's insufficiency-of-the-evidence claim was without merit and should be dismissed with prejudice.

**Ground Two.** Tucker asserts in Ground Two that it was prejudicial to try him with his uncle and co-Defendant Lester Parker, such that he was denied a fair trial under the due process clause.[12] The Ohio Twelfth District Court of Appeals expressly overruled this assignment of error and thus its merits decision is entitled to deferential review under AEDPA.[13]

Tucker argued on direct appeal that a substantial part of the evidence admitted at trial was relevant only to Parker: his financial distress, his removal of family memorabilia from the home before the fire, and his continued gambling in Las Vegas after the fire that would provide an alibi if the State were to allege that Parker himself set the fire. The Twelfth District found that this evidence related to Parker's motivation to commit arson

---

[9] *Brooks v. Tennessee*, 626 F.3d 878, 887 (6th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 330 (1995)).

[10] *Holland v. United States*, 348 U.S. 121, 137–38 (1954).

[11] *United States v. Ramirez*, 635 F.3d 249, 256 (6th Cir. 2011) (quoting *United States v. Stone*, 748 F.2d 361, 362 (6th Cir. 1984)).

[12] *See Davis v. Coyle*, 475 F.3d 761, 777 (citing *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986)).

[13] *See* 28 U.S.C. § 2254(d)(1).

and was therefore relevant and admissible against Tucker to establish the conspiracy. Also, there was ample circumstantial evidence establishing Tucker's discrete role—setting the fire—in the conspiracy. Finally, the jury was instructed to consider the evidence separately as to each Defendant.[14]

The Magistrate Judge determined that Tucker had not shown an unreasonable application of Supreme Court (or Sixth Circuit) precedent as to joinder. Thus, the Twelfth District's merits decision was entitled to deference and Tucker's failure-to-sever claim should be dismissed with prejudice.

**Ground Three.** Tucker asserts in Ground Three that he was denied a fair trial based on two instances of prosecutorial misconduct: (1) the prosecutor's statement in closing argument, "so don't be misled by statements of attorneys telling you otherwise" and (2) the prosecutor's invitation to jurors to experiment with time intervals on their watches. Tucker presented a prosecutorial misconduct claim on direct appeal, referencing these same two instances.[15] Under AEDPA, then, the Twelfth's District's merits decision rejecting Tucker's claim is entitled to deference so long as it was not an unreasonable application of Supreme Court precedent.[16]

---

[14] *State v. Tucker*, *supra*, 2019 WL 1254160, at *4–5, 2019-Ohio-911, at ¶¶ 34–38.

[15] In his reply, Tucker claims four additional instances of prosecutorial misconduct. (Doc. 19 PAGEID 2468 (citing Doc. 15 PAGEID 2438–39)). But because he did not present them to the state court, the Magistrate Judge determined that Tucker procedurally defaulted them. *See* 28 U.S.C. § 2254(b)(1), (c). The Magistrate Judge noted further that new claims cannot be added to a habeas petition in a reply (traditionally—and formerly—known as a "traverse"). *See Jalowiec v. Bradshaw*, 657 F.3d 293, 311–12 (6th Cir. 2011) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005)).

[16] *See* 28 U.S.C. § 2254(d)(1).

In line with the Twelfth District, the Magistrate Judge similarly found that the prosecutor's remarks did not "so infect the trial with unfairness as to make the conviction a denial of due process." (Doc. 19 PAGEID 2471 (citing *Bates v. Bell*, 402 F.3d 635, 640–41 (6th Cir. 2005) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (cleaned up)). He further noted that the objected-to remarks were argumentative (as opposed to a discussion of inadmissible evidence) and a curative instruction was given (and presumed to be followed by the jury). On this basis, the Magistrate Judge recommended that Tucker's prosecutorial claim be dismissed with prejudice.

**June 2, 2021 Report and Recommendations (Doc. 24).** The Magistrate Judge measured Tucker's would-be objections (Doc. 22-1) to the April 30, 2021 Report and Recommendations against the Rule 59(e) standard.[17] All three fall short of either a clear error of law or a need to prevent manifest injustice, and thus he recommends that Tucker's motion to amend the judgment be denied.

Tucker first objects to the recommendation that he be denied a certificate of appealability, taking issue with the Magistrate Judge's statement that "reasonable jurists would not disagree with this conclusion." He counters with his personal (and unsupported) opinion that "no reasonable jurist <u>would</u> agree with this conclusion" and that

---

[17] "'A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). However, a motion under Rule 59(e) is not an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, where the movant fails to introduce new evidence, and instead relies solely on facts and arguments that were in the record at the time the court issued its decision, the motion for reconsideration is improper. *Max Rack, Inc. v. Core Health & Fitness, LLC*, No. 2:16-cv-01015, 2020 WL 4933920, at *4 (S.D. Ohio Aug. 24, 2020).

"[o]nly a <u>jury</u> can decide whether they would agree or disagree." (Doc. 22-1 PAGEID 2481 (emphases added)).

The Magistrate Judge explains what is needed to obtain a certificate of appealability[18] and the reasons why[19]. He clarifies that a petitioner's "belief in his own case" cannot substitute for the showing required by the Supreme Court and the Sixth Circuit. (*See* Doc. 24 PAGEID 2489). He notes further that the decision to grant or deny a certificate of appealability "is not an issue triable to a jury." (*Id.*).

The Magistrate Judge's analysis is entirely correct. It appears that Tucker has presumed the word "jurist" to be synonymous with the word "jury." This premise is wrong. A "jurist" is someone "who has thorough knowledge of the law; esp., a judge or an eminent legal scholar." <u>Black's Law Dictionary</u> (11th ed. 2019). As the Magistrate Judge points out, Tucker does not cite to any legal opinion (authored by a judge) that would support

---

[18] *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

[19] Vacating a certificate of appealability as "improvidently granted" and dismissing a habeas appeal, the Sixth Circuit cautioned that "it's critical that courts follow the rules Congress set."

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson*, 523 U.S. 538, 554, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1988) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)). For one, they divert our time and attention from the cases Congress *actually* meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote *their* time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really *do* merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S.Ct. 437, 97 L.Ed. 469 (1953) (Jackson, J., concurring).

*Moody v. United States*, 958 F.3d 485, 493 (6th Cir. 2020) (emphases in original).

"proceeding further" with the issues he presents in his habeas petition. *See Banks*, 540 U.S. at 705 (quoting *Miller-El*, 537 U.S. at 327). Thus, he has failed to demonstrate a clear error of law or manifest injustice and, on this point, Tucker's Rule 59(e) motion is properly denied.

Tucker next objects that Magistrate Judge Merz issued his Report and Recommendations too quickly, only three days after Tucker's petition was transferred to him from Magistrate Judge Litkovitz. (Doc. 22-1 PAGEID 2481–82). If Magistrate Judge Merz "would have taken more time and a closer look into [the] case[,]" he would not have denied Tucker a certificate of appealability. (*Id.*).

Magistrate Judge Merz explains that, since his retirement as an active Magistrate Judge and while on recall status, he specializes in habeas corpus petitions and frequently can consider them "as soon as they reach his docket." (Doc. 24 PAGEID 2489–90). Regardless, he observes, the question is "whether the decision was correct, not how fast it was issued." (*Id.* PAGEID 2490). The Court finds no error in this conclusion.

Finally, Tucker objects to the Magistrate Judge failing to note that Respondent "either failed to or decided not to respond" to his reply because Tucker believes "this shows the issues he raised . . . were to (sic) strong and credible for the Respondent to argue." (Doc. 22-1 PAGEID 2482). But, as the Magistrate Judge explains, any failure to file is immaterial because Rule 5 of the Rules Governing § 2254 Cases provides only for an answer (by the State) and a reply (by the petitioner). The Magistrate Judge is correct.

**June 24, 2021 Supplemental Report and Recommendations (Doc. 30).** As noted, after Tucker filed timely objections (Doc. 27) to the June 2, 2021 Report and

10

Recommendations (Doc. 24) the undersigned recommitted the matter to Magistrate Judge Merz for further analysis (Doc. 29). He then issued a Supplemental Report and Recommendations on June 24, 2021. (Doc. 30).

Tucker's so-called "objections" sidestep the legal issues explained by the Magistrate Judge in his June 2, 2021 Report and Recommendations and argue instead that the State committed "a clear error of law" when its prosecutors failed to disclose *Brady* material[20], to include the National Institute for Occupational Safety and Health ("NIOSH") Report of its investigation of the fatal fire[21] as well as case notes recorded by—and witness statements given to—the City of Hamilton Police Department[22].

Regarding the NIOSH Report, the Magistrate Judge refers back to his initial Report and Recommendation issued on April 30, 2021. (Doc. 19 PAGEID 2468–71). Because this *Brady* claim was first introduced in Tucker's reply, Sixth Circuit precedent precludes its consideration on the merits.[23] More importantly, because Tucker never presented this

---

[20] "The prosecution's affirmative duty to disclose evidence favorable to a defendant can trace its origins to early 20th-century strictures against misrepresentation and is of course most prominently associated with this Court's decision in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963)." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995). "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" (*Id.* (quoting *Brady*, 373 U.S. at 87)). "[*United States v.*] *Bagley* held that regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles*, 514 U.S. at 433 (quoting *Bagley*, 473 U.S. 667, 682, 685 (1985)). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Id.* at 437. "But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith, . . . , the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Id.* at 437–38 (citing *Brady*, 373 U.S. at 87)).

[21] Doc. 27-1 PAGEID 2501–70.

[22] Doc. 27-1 PAGEID 2571–76.

[23] *See supra* note 15.

claim to the state courts, it is procedurally defaulted[24] and Tucker offers no excusing cause and prejudice in his subsequent filings (Docs. 22-1, 27).[25] The *Brady* claim as to the case notes and witness statements is also procedurally defaulted.

The Court finds no error in the Magistrate Judge's analysis and application of the procedural default doctrine to Tucker's late-played *Brady* claims. Furthermore, Tucker's objections, which merely reprise his review of Supreme Court cases on *Brady* disclosure, are not "objections" as contemplated by 28 U.S.C. § 636(b)(1). *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).

**July 9, 2021 Decision and Order (Doc. 33).** Tucker separately filed a motion to amend his habeas corpus petition to add a new claim for relief under *Brady* (concerning fingerprints) and to obtain an evidentiary hearing. (Doc. 31 (referring to Doc. 27-1 PAGEID 2571 (City of Hamilton Police Department case note dated 07-29-16))). The

---

[24] *See supra* note 15. *See also Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("In *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), we made clear that 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.").

[25] Magistrate Judge Merz separately questions whether the NIOSH Report actually constitutes *Brady* material, because, even if the jury had fully considered it, it would not exonerate Tucker. (Doc. 30 PAGEID 2579–80) ("The NIOSH Report confirms that this was an arson fire and Firefighter Wolterman died in the fire. The NIOSH Report details additional steps the fire department could have taken to make Wolterman's job safer, but the absence of those steps does not render Tucker innocent. Wolterman would not have been there at all if Tucker had not set the fire.").

case note that refers to the fingerprints is included in the exhibits Tucker submitted with regard to his Rule 59(e) motion.

It is true that petitions for a writ of habeas corpus may be amended or supplemented. See 28 U.S.C. § 2242 ("[Application for a writ of habeas corpus] may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Here, though, the Magistrate Judge notes that Fed. R. Civ. P. 15 does not permit amendment to add new claims once judgment has been entered, as is the circumstance here. Moreover, conducting an evidentiary hearing to admit this case note into evidence would violate Cullen v. Pinholster, 563 U.S. 170 (2011).

Tucker does not address either of these points in his objections. Rather, he claims ineffective assistance of both trial and appellate counsel. (Doc. 34 PAGEID 2599–60). This argument fails. Ineffective assistance of counsel can be an excusing cause to avoid procedural default, but only if an ineffective assistance of counsel claim was properly presented to the state courts in the first instance. Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000). It was not. Also, ineffective assistance of counsel cannot be an excusing cause of a Brady claim when it was not initially raised as a separate ground for relief on habeas review. See Fitzpatrick v. Bradshaw, No. 1:06-cv-356, 2009 WL 3734143, at *11 (Nov. 5, 2009).

### IV. CONCLUSION

Having conducted a de novo review, the Court **ACCEPTS** and **ADOPTS** both the Magistrate Judge's June 2, 2021 Report and Recommendations (Doc. 24) and his June 24, 2021 Supplemental Report and Recommendations (Doc. 30) and **OVERRULES** any

13

objections (Docs. 27, 32) thereto. Thus, Petitioner's motion for leave to file late objections (Doc. 22), construed as a motion to amend the (May 17, 2021) judgment under Fed. R. Civ. P. 59(e), is **DENIED**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability. The Court **CERTIFIES** that any appeal to the United States Court of Appeals for the Sixth Circuit would be objectively frivolous and, consequently, Petitioner is **DENIED** leave to appeal in forma pauperis.

The Court concludes that the Magistrate Judge's July 9, 2021 Decision and Order Denying Petitioner's Motion to Amend (Doc. 33) is neither clearly erroneous nor contrary to law and **OVERRULES** any objections (Doc. 34) thereto.

**IT IS SO ORDERED**.  /s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court